Filed 10/27/14  In re B.T. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re B.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>B.T.,<br><br>Defendant and Appellant. | A141168<br><br>(Solano County<br>Super. Ct. No. J41711) |

16-year-old B.T. (appellant) appeals from a dispositional order removing him from his mother's custody and placing him in out of home placement.[1]  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a supplemental brief and did not do so.  Having independently reviewed the record, we conclude there are no issues that require further briefing, and shall affirm the judgment.

---

[1]Trial counsel filed a premature notice of appeal from a March 3, 2014 jurisdictional order.  On appellant's motion, this court granted appellant's request to deem the notice of appeal as filed immediately following the making of the dispositional order.

1

*Prior Proceedings*

On December 5, 2012, appellant was adjudged a ward of the court and placed on probation in his mother's care after the juvenile court sustained a petition alleging he committed misdemeanor battery (Pen. Code, § 242[2]).  On January 10, 2013, a notice of hearing was filed alleging appellant had violated his probation by failing to obey his mother and failing to abide by his curfew.  Appellant admitted the curfew violation.

On April 4, 2013, a notice of hearing was filed alleging appellant had violated his probation by failing to obey his mother and failing to abstain from marijuana.  The next day, the juvenile court revoked appellant's probation and issued a bench warrant for his arrest.  Appellant surrendered himself to the police department and was booked into juvenile hall.  He admitted he failed to obey his mother.  The juvenile court continued its prior orders, placed appellant in juvenile hall, and gave probation discretion to release appellant to home detention with electronic monitoring.  The court also ordered counseling and drug/alcohol and anger management services for appellant.

On August 28, 2013, a notice of hearing was filed alleging appellant left home overnight without his mother's permission and that his whereabouts were unknown.  Appellant failed to appear for a mandatory weekend at juvenile hall, failed to abstain from drugs and alcohol, and failed to appear for a mandatory family therapy session.  Appellant admitted he failed to appear for a mandatory weekend and the juvenile court continued its prior orders.

On October 15, 2013, a notice of hearing was filed alleging appellant failed to attend school and failed to abide by a curfew.  He admitted he failed to attend school and the juvenile court continued its prior orders.  Another notice of hearing was filed November 21, 2013, alleging appellant failed to attend school and abide by conditional release orders, and had failed to drug test as ordered.  A bench warrant was issued the following day.  Appellant admitted he failed to attend school, and the juvenile court

---

[2]All further statutory references are to the Penal Code unless otherwise stated.

removed appellant from his mother's care and ordered, among other things, mental health counseling and drug and alcohol services, and imposed gang-related terms and conditions. A 15-day-review indicated appellant had been placed at Wilderness Recovery Center.

On January 21, 2014, a notice of hearing was filed alleging appellant left his placement without permission and that his whereabouts were unknown. A bench warrant was issued.

### *The Current Petition*

On February 3, 2014, the current petition was filed alleging appellant committed misdemeanor petty theft (§ 484, subd. (a)). The petition was based on an incident that occurred on January 31, 2014.[3] That day, at about 11:37 a.m., at the Target store in Vallejo, Target undercover asset protection specialist Dustin Ballwahn observed appellant select a beanie cap from a display shelf. Appellant removed the tags from the beanie cap and put it on his head in place of the cap he had been wearing. At this point, Ballwahn contacted senior asset protection specialist John Ibarra via walkie talkie and told him what he had seen. Ibarra was stationed in the store's camera room from which he could observe video camera images of the sales floor. He directed one of the cameras in appellant's direction, gained visual surveillance of him and began reporting his movements to Ballwahn. Ibarra observed appellant enter the liquor aisle, select a bottle of Jose Cuervo alcohol, and conceal it down the front of his pants. Appellant proceeded to the women's clothing department where he discarded his old cap on the floor. Appellant then walked past the registers without paying for the items and exited the store. Two other asset protection officers had been positioned outside and they approached appellant, identified themselves as Target security, and informed him that he was being placed under citizen's arrest for shoplifting.

The agents handcuffed appellant and walked him back to the security office. As they were walking to the office, the bottle of alcohol dropped from appellant's pants.

---

[3]These facts are taken from the testimony that was presented at the contested jurisdictional hearing.

3

Appellant was cooperative and accepted responsibility. He admitted that he had taken the alcohol and the beanie cap, and he disclosed that he had also taken and concealed a package of Bic lighters which the agents had not observed him taking. Target recovered all of the stolen items. The value of the items was about $35.00.

The juvenile court sustained the allegations at a contested jurisdictional hearing. At a dispositional hearing, the juvenile court continued appellant as a ward of the court, removed him from his mother's custody, and committed him to the care, custody and control of the probation department for placement in a suitable foster home, group home or institution, specifically Rite of Passage (ROP) if appropriate. The court set the maximum aggregated term of confinement as eight months, with custody credits of 41 days, and noted there were 176 total days of credit on the wardship.

On June 24, 2014, appellate counsel sent a letter to the trial court requesting: (1) clarification that all 176 days of custody credit were to be deducted from the maximum term of confinement; (2) the addition of custody credits for six days of post-disposition, pre-transportation time; and (3) immediate release of appellant on the ground that the maximum term had been exceeded during appellant's placement at ROP. At a hearing on July 1, 2014, the trial court granted the first and second requests, finding appellant had earned 182 days of credit against his eight-month maximum term of confinement. The court denied the third request, holding that placement at ROP, pursuant to a general placement order, did not constitute physical confinement.

### DISCUSSION

Appellant's counsel has filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and asks this court to independently review the entire record to determine if it contains any issues which would, if resolved favorably to the appellant, result in reversal or modification. A review of the record has disclosed no reasonably arguable appellate issue, and we are satisfied that counsel has fully complied with his responsibilities. (*Ibid*.; *People v. Kelly* (2006) 40 Cal.4th 106.) The juvenile court did not err in placing appellant at ROP. Appellant was adequately represented by counsel at

4

every stage of the proceedings.  There was no sentencing error.  There are no issues that require further briefing.

**DISPOSITION**

The judgment is affirmed.


_____

McGuiness, P.J.


We concur:


_____

Siggins, J.


_____

Jenkins, J.